HAROLD SMITH, Appellant, Respondent, v. CARROLL BROTHERS, INCORPORATED, Respondent, and DONNER-GOETZ, INCORPORATED, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

FRANK SCHIFFERLE, Appellant, Respondent, v. CARROLL BROTHERS, INCORPORATED, Respondent, and DONNER-GOETZ, INCORPORATED, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

M. A. PARR, Appellant, Respondent, v. CARROLL BROTHERS, INCORPORATED, Respondent, and DONNER-GOETZ, INCORPORATED, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

MAUDE WHEELER, as Administratrix, etc., of ARTHUR WHEELER, Deceased, Respondent, v. THE VILLAGE OF HERKIMER, NEW YORK, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $18,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. All concur. (The judgment awards plaintiff damages for death of intestate resulting from contact with electric wires while cleaning windows. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Thompson, Crosby, Lewis and Cunningham, JJ.

In the Matter of the Estate of JOHN E. JOHNSON, Deceased.— Decree and order affirmed, with costs. All concur, except Sears, P. J., and Lewis, J., who dissent and vote for reversal on the law and facts and for an allowance of the claim on the ground that decedent's withdrawals from the John Johnson Construction Company were not dividends nor were they paid by the company nor received by Johnson with the intention that they should constitute dividends, but they were loans by the company to Johnson, which constitute a valid claim in favor of the company's trustee in bankruptcy. (The decree disallows claim of trustee in bankruptcy against estate of decedent for corporate money used by decedent for personal expenses. The order denies motion to open the hearing.) Present — Sears, P. J., Thompson, Crosby, Lewis and Cunningham, JJ.